UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------

DAMION WIGGAN

Plaintiff,

-against-

N.Y.C. DEPARTMENT OF CORRECTION; C.O.
TOLLIVER, SHIELD # 17554; C.O. JEAN PEARE,
SHIELD # 1188; MEDICAL STAFF

Defendants

------------------------------------------------------

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: _____ 11/14/12

OPPOSITION TO DEFENDANT'S

MOTION FOR SUMMARY

JUDGMENT

12 CV 1405 (GBD)(HBP)



RECEIVED
NOV 14 2013
PRO SE OFFICE

1. Plaintiff brings this action under § 1983, and claims that defendants subjected him to excessive force and deliberate indifference to his medical needs:

" On February 7, 2012, at approximately 11 : 45 a.m. I was mace in the face by Correction officer Tolliver, while I was locked inside of my assigned cell, over the simple fact that I cursed at him". See EXHIBIT A [Complaint], at Part II.D).

2. On February 7, 2012, plaintiff was incarcerated at the Robert N. Davoren Center ("RNDC") on Riker's Island, in Cell Block 2 Upper South. See EXHIBIT A at Part II.B.

3. on the morning of February 7, 2012, while plaintiff was in his assigned cell he was ordered

by defendant officer Tolliver to remove an obstruction from plaintiff's cell. See EXHIBIT A [Complaint] at Part IID).

4.   Plaintiff was unaware he was not permitted to have an obstruction on his cell door.

5.   After plaintiff was ordered to remove the obstruction, and acknowledged that he was going to remove it, officer Tolliver got boisterous and plaintiff instructed him to get away from in front of his cell.

6.   Correction officer Tolliver utilized Mace spray after plaintiff had acknowledged defendant's instruction to remove the obstruction Defendant Tolliver Mace plaintiff in the face in quantities greater than necessary for any authorized use of inmates under any occasion, for the sole infliction of pain and unauthrized punishment.:

> " I was in my cell sleep when he told me remove the thing
> from the window I was a little upset and I cursed at him he got
> upset and mace me". See EXHIBIT B [Hearing Report and
> Notice of Infraction Disposition]).

7.   Plaintiff was inside his cell when Mace spray hit him in the face and eyes. See Attached EXHIBIT A [Complaint]; EXHIBIT B [Hearing Report and Notice of Infraction Disposition], and EXHIBIT C [Inmate Voluntary Statement] in which plaintiff stated the following:

> " I Damion Wiggan was mace in the face by C.o. Tolliver,
> who is assigned to the 2 upper housing area on the 7 to 3
> p.m. tour. over the simple fact that I said to the officer I do not
> liked to be looked at while I'm sleeping...and he was standing
> in front of the cell...right then and there he got upset and
> began shouting...he started to spray mace inside my cell at
> me..."

8.   Officer Tolliver later activated his personal body alarm to call for the extraction of plaintiff from out of the cell.

9.   Plaintiff was transported to intake, where they tried to decontaminate him with a shower, and after approximately an hour and twenty minutes, he was transported to the facility clinic.

2

10. At the facility clinic, plaintiff informed the medical staff of his inability to see as well as other physical injuries and was administered medical attention which did not alleviate the conditions he suffered because of the spray.

11. Plaintiff still suffers from damages he obtained from the illegal spraying by officer Tolliver.

12. For days and weeks after the illegal spraying plaintiff made numerous attempts to obtain medical attention for the injuries and symptoms he suffered from the spraying, but due to the conspiracy between the defendants plaintiff was denied his rights to seek and obtain medical attentions from the defendants.

13. On Friday, December 12, 2012, plaintiff submitted himself to an Examination of Deposition, at Downstate Correctional Facility, Fishkill, New York, before a Notary Public in and for the State of New York.

14. Plaintiff was questioned at the Deposition Examination by SHAWN CLARK, ESQ..

15. At the conclusion of the Deposition Examination, defendant's counsel, Mr. SHAWN CLARK, informed plaintiff on the record that within a few weeks his office was going to furnish plaintiff with a copy of the written Deposition Examination for his correction, and after its correction plaintiff should return it to the defendant's counsel.

16. Plaintiff was never furnished with a copy of the written Deposition Examination for correction, prior to the defendant's Summary Judgment motion.

17. On August 30, 2013, Plaintiff received a SUMMARY JUDGMENT motion from the defendants, and attached as EXHIBIT-B to said motion was a PARTIAL copy of THE WRITTEN ORAL DEPOSITION EXAMINATION

18. Plaintiff was never furnished with a copy of the written Deposition Examination for correction, before it was submitted to this Court, and this same uncorrected written Deposition Examination, which is filled with statements and words the plaintiff never stated at the Deposition Examination, is now relied on in the defendant's motion for summary judgment, and is attached to the defendant's SUMMARY motion as "EXHIBIT B".

3

19. Said partial Written oral Deposition Examination was submitted to this Court as evidence in the defendant's Summary Judgment Motion, not only partially but uncorrected, and filled with typographical and statements never made by the plaintiff.

20. Plaintiff filed an objection with this Court as to the conduct of the defendants, and this Court in an opinion and order dated September 24, 2013, ordered the defendants to furnish Plaintiff with the written deposition for correction, which Plaintiff received from defendants, corrected it and returned it to the defendants on Sept. 24, 2013. In said OPINION and ORDER of the Court dated September 24, 2013, the Court ordered the defendants to respond to Plaintiff's request for production of documents (See EXHIBIT-D) by october 24, 2013.

21. To survive a motion for summary judgment, the non-moving party must do more than present evidence that is merely colorable, conclusory, or speculative. **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242, 249-5o (1986). The plaintiff must provide the court with "some basis to believe that his version of relevant events is not fanciful." **Yearwood v. LoPiccolo**, No. 95 Civ. 2544, 1998 U.S. Dist. LEXIS 12302, 1998 WL 474073, at 7 (S.D.N.Y. Aug. 10, 1998). "Even a pro se plaintiff ... cannot withstand a motion for summary judgment by relying merely on the allegations of a complaint. Rather, when confronted with evidence of facts that would support judgment in the defendant's favor as a matter of law, THE PLAINTIFF MUST COME FORWARD WITH EVIDENCE IN ADMISSIBLE FORM THAT IS CAPABLE OF REFUTING THOSE FACTS."

22. Pro se pleadings are typically held to "less stringent standards than formal pleadings which are drafted by lawyers." **Boykin v. Key Corp.**, 521 F.3d 202, 214 (2d Cir. 2008).:

23. For the reasons set forth below, Plaintiff respectfully submit that, upon consideration of the record and evidence before this Court, the defendant's motion for summary judgment must be dismissed, and a trial n the facts before a jury be mandated.

## PLAINTIFF'S FIRST OBJECTION TO SUMMARY JUDGMENT

24. Plaintiff unreservedly and totally objects to the totality of the defendant's Motion for Summary Judgment because there are genuine issue of material facts which should be placed before a jury, because the record taken as a whole could lead to a rational trier of fact

to find for the Plaintiff. In **Westinghouse Elec. Corp. v. N.Y.C. Transit Auth.**, the Court clearly stated that the " summary judgment rule is to isolate and dispose of factually insupportable claims ... thereby permitting courts to avoid 'protracted, expensive and harassing trials". In **Dukes v. City of New York**, 879 F. Supp 335, it was also made clear that "the substantive law governing the case will identify those facts that are material, and only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.

### The Subjective Component:

25.     The defendants acted maliciously in the instant case when there was no need for the application of force because the Plaintiff was already locked in his cell when he was mace by defendant Tolliver; Plaintiff presented no threat to any staff members nor to himself when he was maced by the defendant, and Plaintiff did informed defendant Tolliver that he would remove the object from the window. Plaintiff was mace in the face in quantities greater that necessary uder any authorized condition for the sole purpose of punishment and the infliction of pain.

26.     The use of Mace spray "CONSTITUTES A SIGNIFICANT DEGREE OF FORCE, " **Tracy v. Freshwater**, 623 F.3d 90, 98 (2d Cir. 2010), and can amount to an excessive use of force. **United States v. Praisner**, No. 3:09 cr 264 (MRK), 2010 U.S. Dist. LEXIS 41390, 2010 WL 2574103 (D. Conn. apr. 27, 2010) ( denying motion to dismiss indictment premised on excessive force where pretrial detainee " was sprayed six times on four separate occasions over approximately 4o minutes and was not decontaminated during that period"). In the instant case Plaintiff was already locked inside of his assigned cell when he was maced by the defendants, and was only let out of the cell when they decided to take him to the hospital for decontamination, and on his way running from the cell because of the fumes from the mace he was continuously maced. IT IS THE WRITTEN POLICY OF THE DEPARTMENT OF CORRECTION THAT AN INMATE MUST NEVER BE MACE IN HIS CELL FOR REASONS OTHER THAN RIOTS, OR ESCAPE ATTEMPTS.

### The Objective Component:

A--Plaintiff was never issued a warning that Mace was going to be used against him as required by Department of Correction operation Procedure for mace.

B--It is the jury who must determine whether or not a quantity greater than necessary was used against plaintiff.

C--Whether or not plaintiff was Maced solely for the infliction of pain since he was locked in a secured cell, and when directive clearly states that such a chemical must not be used in such a situation.

27.    Plaintiff has met the objective component of the Eight Amendment analysis by demonstrating the excessive use of force by the defendant arising out of the February 7, 2012 incident, Plaintiff not only established that the violation was sufficiently serious when he was illegally maced, but the defendants themselves were the ones who decided that the plaintiff was in need of decontamination. The defendants themselves admitted even in their summary judgment motion that Plaintiff had t be taken to the hospital and treated, and even today Plaintiff is still suffering from the effect of the maced spray because he was never properly decontaminated.

28.    However, even if Plaintiff only suffered minor injury. Minor injuries may satisfy the objective portion of the excessive force inquiry where the use of force is "repugnant to the conscience of mankind". Sims, 230 F. 3d at 21 (further stating that "[t]he key inquiry under Hudson and its precedents is whether the alleged conduct involved unnecessary and wanton infliction of pain.." (quoting Davidson, 32 F.3d at 30)). Here, however, the force applied, resulted in medically documented injury, and the defendant's action was "repugnant to the conscience of mankind," because the Department of Correction had already in previous cases ordered that inmates should never be maced in their cells for any reason other than on a refusal to LEAVE the cell upon order to do so.

29.    In Thorpe v. Little, 804 F. Supp.2d 186, that situation of facts are similar to the instant case. In Thorpe, plaintiff began an hunger strike, and refused to allow the defendant, a correction officer, from placing food on his cell window flap, and plaintiff was therefore maced in his cell. Plaintiff received a disciplinary write-up for this incident and was found guilty, as in the instant case. That Court found that the excessive force claim for pretrial detainees are analyzed under the Fourteenth Amendment, Sylvester v. City of Newark, 120 Fed. Appx. 419, 423 (3d Cir. 2005), and that a Due Process violation; plaintiff must show that the force used amounts to a wanton infliction of punishment, as opposed to an amount rationally related to exercising control. See Fuentes v. Wagner, 206 F.3d 335 (3d Cir. 2000). That Court went on to found that:

" The use of mace does not, in itself, amount to a constitutional violation. See, e.g., **Banks v. Mozingo**, 423 Fed. Appx. 123, 126-27 (3d Cir. 2011) (citing **Couden v. Duffy**, 445 F. 3d 483, 505-06 (3d Cir. 2006)) (the use of mace does not, in itself violate the Eight Amendment). Here, plaintiff alleges that, when he did not comply with the [defendant's order, he was maced. The allegations suffice to survive initial screening since it is unknown whether the [defendant] was, or was not, justified in using some amount of force to compel plaintiff to comply with his order." Plaintiff was mace in the face in quantities greater that necessary uder any authorized condition for the sole purpose of punishment and the infliction of pain.

## PLAINTIFF F'S SECOND OBJECTION TO SUMMARY JUDGMENT

30.   Plaintiff objects to the Summary Judgment motion based upon the fact the defendants have failed to respond to two (2) Discovery Motion Plaintiff mailed to the defendants in which he made official requests for documentary evidence in their possession , documents which are necessary in order for plaintiff to adequately address the contents of the allegations in defendants Summary Judgment Motion. See Attached EXHIBIT-D.

31.     Procedures affecting the rights of inmates on both the federal and state level pertaining to the use of mace and any other chemical agent has been dealt with in **Clemmons v. Greggs**, 509 F.2d 1338; **McLaurin v. Morton**, 48 F.3d 944, and **Soto v. Dickey**, 744 F.2d 1260 in which they have all made abundantly clear that the use of mace, tear gas, or other similar chemical agents **when reasonably necessary to prevent riots or escape, or to subdue recalcitrant prisoners**, is not cruel and unusual punishment, even where the inmate is locked in his prison cell or is in handcuffs. The nature of the agent or gas used should be commensurate with the circumstances and risk involved. **Lock v. Jenkins**, 641 F.2d 488; **Spain v. Procunier**, 600 F.2d 189; **Smith v. Iron County**, 692 F.2d 685 (10th Cir. 1982) (mace).

32.    In addition, the OPERATION PROCEDURE FOR MACE for correction officers use clearly states that:
1--Mace must only be used when necessary.
2-- Mace and Tear Gas will be used only in case of an emergency. Such as when an inmate is destroying State property, endangering the life of another inmate or Correctional officer.
3--Any time that a Correctional officer is forced to use Mace or Tear Gas, he is to write a report on the details and file it.

4--Mace and Tear Gas are not to be used unless necessary.

5--Warning must be given before Mace is used.

33.   As shown by the defendant's statements written out in their misbehavior report, Plaintiff was never accused or written up for inciting "riots", "escape", or being "recalcitrant". To allegedly curse at a correction officer does not justify the use of mace against any prisoner.

34.   The defendants should not be allowed to deny Plaintiff access to the OPERATION PROCEDURE FOR MACE, which governs the use of mace in the City's correction facilities, and which is necessary for Plaintiff to use in order to prove that the defendants were in clear violation of:

A-- Their use of the Mace on Plaintiff.

B--Their use of the Mace on Plaintiff without giving any warning.

C--Their use of a quantity greater than mandated to be used under any circumstances.

D--That a proper report was never filed. Plaintiff was mace in the face in quantities greater that necessary under any authorized condition for the sole purpose of punishment and the infliction of pain.

## PLAINTIFF'S THIRD OBJECTION TO SUMMARY JUDGMENT

35.   Plaintiff object to the defendant's Summary Judgment Motion based upon the fact that the defendants did not adequately respond to plaintiff's request for discovery, and as a consequence this Court should hold an incamera inspection of the requested documents in order that this Court may determine the validity of Plaintiff's allegations.

36.   "Even a pro se plaintiff ... cannot withstand a motion for summary judgment by relying merely on the allegations of a complaint. Rather, when confronted with evidence of facts that would support judgment in the defendant's favor as a matter of law, THE PLAINTIFF MUST COME FORWARD WITH EVIDENCE IN ADMISSIBLE FORM THAT IS CAPABLE OF REFUTING THOSE FACTS."

37.   It would be unconscionable for this Court to mandate a pro se prisoner, in order to survive a Summary Judgment Motion, MUST COME FORWARD WITH EVIDENCE IN ADMISSIBLE FORM THAT IS CAPABLE OF REFUTING THOSE FACTS," and then turn

8

around and allow the defendants to deny the Plaintiff access to the very same documents which are necessary to survive Summary Judgment. Plaintiff was mace in the face in quantities greater that necessary under any authorized condition for the sole purpose of punishment and the infliction of pain.

38.    Plaintiff's request for the production of documents was neither vague, ambiguous overbroad, unduly burdensome, not unlimited in time or scope, nor sought information beyond the scope of the complaint. The requested information seeks information which is relevant and reasonable calculated to lead to the discovery of admissible evidence. Plaintiff requested "All instructions promulgated by the N.Y.C. Department of Correction, the Local Government or its and subordinates in connection with the operation enforcement and application of "MACE", sometimes referred to as "OC" or which may be known by any other name, as to its use by Correctional officers against inmates, ." and wherefore these documents sought are relevant and reasonable, and specifically calculated to lead to the discovery of admissible evidence.

39.    Plaintiff also sought "Regulations and rules, bulletins, memoranda, directives, policy statements and their administrative guidelines which pertains to the use and application of "MACE" by members of the N.Y.C. Department of Correction." Plaintiff's request for the production of documents was neither vague, ambiguous overbroad, unduly burdensome, not unlimited in time or scope, nor sought information beyond the scope of the complaint. The requested information seeks information which is relevant and reasonable calculated to lead to the discovery of admissible evidence, and wherefore these documents sought are relevant and reasonable, and specifically calculated to lead to the discovery of admissible evidence.

## PLAINTIFF'S FOURTH OBJECTION TO SUMMARY JUDGMENT

40.    Plaintiff object to the defendant's Summary Judgment Motion based upon the fact that the defendants only EXHIBITED to the Court a PARTIAL COPY of the Written oral Deposition Examination, which was not only erroneously recorder, but they presented the Court with a "CHERRY PICKED" portion of the record, which was never seen or corrected by the Plaintiff and was never seen in totality by the Court.

WHEREFORE,  defendant's summary judgment motion  should be denied in accordance with the law. Plaintiff was mace in the face in quantities greater that necessary under any authorized condition for the sole purpose of punishment and the infliction of pain, facts which are for the trier of facts to determine based upon the policy and procedure for the use of mace, a chemical agent proscribed by the State for use only under strict regulation The Defendants has presented no statement nor document alleging the quantities used on plaintiff, nor did they alleged that plaintiff was trying to escape or involvement in a riot.

Dated: 11 / 7 / 2013

Respectfully Submitted,

Damion  Wiggan

I Damion Wiggan, swear under the penalty of perjury that all of the foregoing is true and correct.

Dated: 11 / 7 / 2013

Respectfully Submitted,

Damion  Wiggan

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK)

ss:

COUNTY OF GREENE)

I, DAMION WIGGAN, being duly sworn, deposes and says:

That on the 11 7 day of , 2o13, of notarization of these papers,  that true and accurate copies of his opposition to the defendants Summary Judgment  have been placed in a sealed prepaid wrapper and deposited in a mail-box located here at Coxsackie Correctional Facility, to be served upon the listed party, via United States Postal Service regular First-Class Postage:

Mr. Daniel Passesser
Assistance Corporation Counsel
The City of New York
Law Department
1oo Church Street
New York, New York 1ooo7

Clerk of the Court
Pro Se office
United States District Court
Southern District of New York
5oo Pearl Street
New York, New York 1ooo7

Respectfully Submitted,

Damion Wiggan

EXHIBIT-A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Damion Wiggan

_____

_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

N.Y.C. Department of Correction.
C.O. Tolliver. Shield #17554.
and there Medical Staffs.

_____

_____

_____

_____

_____

_____

*(In the space above enter the full name(s) of the defendant(s). If you
cannot fit the names of all of the defendants in the space provided,
please write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The names
listed in the above caption must be identical to those contained in
Part I. Addresses should not be included here.)*

**12 CIV 1405**

**COMPLAINT**
under the
Civil Rights Act, 42 U.S.C. § 1983
(Prisoner Complaint)

Jury Trial:  ☑ Yes  ☐ No

(check one)

**I.    Parties in this complaint:**

A.    List your name, identification number, and the name and address of your current place of
confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper
as necessary.

Plaintiff     Name  Damion Wiggan
              ID #  875 120 0053
              Current Institution  R-N.D-C., Rikers Island.
              Address  11-11 Hazen Street, East Elmhurst
              N.Y- 11370

B.    List all defendants' names, positions, places of employment, and the address where each defendant
may be served. Make sure that the defendant(s) listed below are identical to those contained in the
above caption. Attach additional sheets of paper as necessary.

Rev. 05/2007

1

RECEIVED
FEB 23 2012
PRO SE OFFICE

Defendant No. 1    Name Tollive

Where Currently Employed N.Y.C. Department of Correction.    Shield # P7554

Address 11-11 Hazen Street, East Elmhurst

New York. 11370

Defendant No. 2    Name Jean Pearce    Shield # 1188

Where Currently Employed N.Y.C. Department of Correction.

Address 11-11 Hazen Street, East Elmhurst.

New York, 11370

Defendant No. 3    Name Medical Staffs    Shield #

Where Currently Employed N.Y.C. Department of Correction.

Address 11-11 Hazen Street, East Elmhurst,

New york, 11370

Defendant No. 4    Name _____    Shield # _____

Where Currently Employed _____

Address _____

Defendant No. 5    Name _____    Shield # _____

Where Currently Employed _____

Address _____

## II.    Statement of Claim:

State as briefly as possible the facts of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.   Do not cite any cases or statutes.   If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.   Attach additional sheets of paper as necessary.

A.    In what institution did the events giving rise to your claim(s) occur? R.N.D.C.

11-11 Hazen Street, East Elmhurst N.Y. 11370

B.    Where in the institution did the events giving rise to your claim(s) occur? (G.P.)

general population, housing location 2 upper South.

C.    What date and approximate time did the events giving rise to your claim(s) occur? february,

7, 2012, at approximately 11:45 am.

Rev. 05/2007

2

D.    Facts: On februory 7 2012 at approximately
~~Case 1:12-cv-01405-GBD-HBP Document 2 Filed 02/23/12 Page 1 of 1~~

**What happened to you?**
I was mased in the face by Correction officer Tolliver, while I was locked inside of my assigned cell. Over the simple fact that I course at him.

**Who did what?**
I told C.O. Tolliver, to get the f**k away from my cell, and he got upset and mased mo in the face.

**Was anyone else involved?**
No.

**Who else saw what happened?**
Other imates witness this incident.

## III.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. I was then taken to the Clinic for buming in my eyes, and swelling around the area of the eyes as well. up on ariving at the clinic, I was seen by a medical staff, who refused to give me the proper medical treatment. She was supposed to rinse both of my eyes with a liquid formula, and She didn't. She told me that I will be okay, and as far as She giving me the proper medical treatment wasn't necessary.

## IV.    Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures.

A.    ' Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes ✓    No ____

*Rev. 05/2007*

3

Case 1:12-cv-01405-GBD-HBP    Document 2    Filed 02/23/12    Page 4 of the

, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

Rikers Island. 11-11 Hazen Street.

East Elmhurst N.y. 11370.

B.   Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

Yes _✓_   No ___   Do Not Know ____

C.   Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

Yes ___   No _✓_   Do Not Know ____

If YES, which claim(s)? _____

D.   Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

Yes _✓_   No ___

If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

Yes ___   No ___

E.   If you did file a grievance, about the events described in this complaint, where did you file the grievance?  At the grievance office here in this facility.

1.   Which claim(s) in this complaint did you grieve?  That I was Mased by C.O. Tolliver, and the following day he was back.

2.   What was the result, if any?  The Officer was assign to his Same work duties the next day, where the incident happen

3.   What steps, if any, did you take to appeal that decision? Describe all efforts to appeal to the highest level of the grievance process.  I initially put the original copy Of the grievance that I filed under the grievance office door. and I also put a additional copy in the grievance box, and one in the Social Servers box as well. on- 2, 8, 2012 and still have not goten a response back.

F.   If you did not file a grievance:

1.   If there are any reasons why you did not file a grievance, state them here

_____

_____

_____

_____

2    If you did not file a grievance but informed any officials of your claim, state who you

Rev 05/2007

4

informed, when and how, and their response, if any.

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies. The Same Officer That I was mased by is Still working this Housing Unit on a daily basis. Where I'm currently being housed at, in Speaking.

Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

V. Relief:

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). I am Seeking in the amount of $ 80.000, for the pain suffering, and humiliation that I have endured. and also for me being denied the proper medical treatment. from a proffesional Medical personel who was train to follow a Certain medical procedure.

*Rev. 05/2007*

5

Previous lawsuits

In
these
claims

A.   Have you filed other lawsuits in state or federal court dealing with the same facts involved in this
     action?

     Yes _____   No ✓

B.   If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below. (If
     there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using
     the same format.)

     1   Parties to the previous lawsuit:

     Plaintiff _____

     Defendants _____

     2   Court (if federal court, name the district; if state court, name the county) _____

     3.   Docket or Index number _____

     4.   Name of Judge assigned to your case _____

     5.   Approximate date of filing lawsuit _____

     6.   Is the case still pending?  Yes _____   No _____

          If NO, give the approximate date of disposition _____

     7.   What was the result of the case? (For example: Was the case dismissed? Was there
          judgment in your favor? Was the case appealed?) _____
          _____
          _____

On
other
claims

C.   Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?
     Yes _____   No ✓

D.   If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If
     there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using
     the same format.)

     1.   Parties to the previous lawsuit:

     Plaintiff _____

     Defendants _____

     2.   Court (if federal court, name the district; if state court, name the county) _____

     3.   Docket or Index number _____

     4.   Name of Judge assigned to your case _____

     5.   Approximate date of filing lawsuit _____

     6.   Is the case still pending?  Yes _____   No _____

          If NO, give the approximate date of disposition _____

Rev 05/2007

6

What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) _____

_____

_____

I declare under penalty of perjury that the foregoing is true and correct.

Signed this **10** day of **February**, 20**12**

Signature of Plaintiff    D. wigg

Inmate Number    875 120 0053

Institution Address    11-11 Hazen Street, East Elmhurst, New York 11370.

Note:    All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this **10** day of **February**, 20**12** I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff:    D. wigg

*Rev. 05/2007*

7

RECEIVED

PRO SE OFFICE

FEB 23 2012

2/14/2012

To Whom may Concern
Please be advise that I'm a Sentence Inmate, that is
Currently Serving a Six years prison term, in a up-
State Correctional Facility. Who is being brought
back and forth from the States, to the County
here, on a Still pending misdemeanor matter,
and I also want you to be aware that, each
time that am brought here on Rikers Island,
I will be Issued a new book-N-Case number.
So with that being Said, I'm more than likely
to be reached at, Bare Hill Correctional Facility.
In any event, and also here, on Rikers Island, on
occasions. or through my Mother, if necessary.

Current Address: Damion Wiggan B+C # 8751200053
11-11 Hazen Street, EAST Elmhurst N-Y. 11370.

Permanent Address: Bare Hill Correctional
Facility. Caller Box 20, 181 Brand Road. Malone
New-York, 12953. Damion Wiggan Din #11A2627

Mother's Address: 312 Osborn Street, Apt # 2D
Brooklyn N.Y. 11212
Sheila Burgess
Telephone # (347)-715-7995

EXHIBIT-B

Case 1:12-cv-01405-GBD-HBP Document 42 Filed 11/14/13 Page 22 of 28

**CORRECTION DEPARTMENT**

**CITY OF NEW YORK**

| REPORT AND NOTICE OF INFRACTION | Form: 6500A<br>Rev. : 02/09/07<br>Ref. : Dir. #6500R-B |
|---|---|

Infraction #: 0513-12   Institution: RNDC

Inmate Name (Last, First): Wissan Damion

Location of Incident (Be Specific): 2 UPPER South tier

Charge #
127.10
120.10

| Offense |
|---|
| Threats |
| Refusal to obey |
| A Direct Order |

Charge #

Date of Incident: 2/7/12

Date of Report: 2/7/12

B&C/ Sentence #: 8751200053

NYSID #: 00313414K

Housing Area Location: 2 UPPER SOUTH

Approximate Time of Incident: 1145   Hrs.

Offense

Reporting Official (Print Name, Rank and Shield #): TOLLIVER CO #17554

Reporting Official (Signature):

Details of Incident (Include details as to How, When and Where Infraction was Committed):

On February 7, 2012 at approximately 1145 hours I CO Tolliver #17554 was assigned to the 2 UPPER C post on the 0700x1531 tour. This writer instructed said inmate Wissan, Damian BIC 8751200053 NYSID 00313414K 2 UPPER south cell 24 to remove an obstruction from the cell door window after he finishes his meal. Said inmate replied Fuck you Tolliver stay away from my cell. Said inmate followed this writer down the tier yelling if you ever go near my cell again I'm gonna fuck you up. This writer gave several direct orders to back up and go in the dayroom said inmate refused to comply. This writer who in fear for my safety and or a result a one two second burst of Oleoresin capsicum was utilized from approximately three feet to the facial area PBA #115 was activated. Probe Team arrived and escorted the inmate out of the area without further incident. Area supervisor was notified.

You are entitled to a hearing for this infraction no sooner than twenty-four (24) hours after you are served with this notice. If you are a sentenced inmate and you commit an infraction within twenty-four (24) hours prior to your discharge, and have not reached your maximum sentence expiration date, you may be served with charges and held for a hearing. The Department will make every effort to hold the hearing within three (3) business days of the service of this notice. This three (3) business day period excludes the day you are served, weekends, holidays, days you go to court (whether in person or via teleconference), days you are hospitalized or at a hospital attending a clinic, days you leave the facility for an attorney interview, days you are unavailable because you are transferred to another facility and days you are unavailable due to your absence from the facility for any purpose. The three (3) business day period is automatically extended by one (1) business day if you are transferred to another facility prior to your hearing (unless you are a Pre-Hearing Detention inmate). Commencement of a hearing after three (3) business days is at the discretion of the Adjudication Captain and is not barred by Department rules.

At your hearing you have the following rights:

1. Right to appear personally, unless you waive your right to appear, refuse to attend the hearing or appear at the hearing and become disruptive.
2. Right to make statements. If you choose to remain silent, your silence cannot be used against you. If you make a statement, such statement cannot be used in a subsequent criminal trial unless you have been given a Miranda Warning and then voluntarily testify.
3. Right to present material evidence.
4. Right to present witnesses.
5. Right to the assistance of a Hearing Facilitator if Adjudication Captain deems one is necessary.
6. Right to an interpreter if you cannot communicate well enough in English.
7. Right to appeal.

Within twenty-four hours of the Adjudication Captain reaching a decision of guilty, you will receive a copy of the "NOTICE OF DISCIPLINARY HEARING DISPOSITION" form informing you of the violation(s) you are found guilty of, the basis for that finding, the evidence relied upon and the penalty to be imposed. The following penalties are the maximum which may be imposed individually or in any combination:

1. Reprimand.
2. Loss of privileges.
3. Loss of good time if you are a sentenced inmate.
4. Punitive segregation for up to ninety (90) days per each applicable individual charge.
5. Restitution for intentionally damaging or destroying City property.

A twenty five ($25) dollar disciplinary surcharge will be imposed on all inmates found guilty of a Grade I or Grade II offense. You have the right to appeal an adverse decision rendered by the Adjudication Captain.

Interpreter Requested:  ☐ Yes (If yes, include what language) _____   ☑ No

Hearing Facilitator Requested:  ☐ Yes   ☑ No

Witness(es) Requested:  ☐ Yes (If yes, include witness(es) Name, Book and Case Number (if inmate) or Shield/ID (if staff) and Location (if inmate) or Post (if staff).   ☑ No

| Witness (Print Name): | B&C Number: | Location: |
|---|---|---|
| Witness (Print Name): | B&C Number: | Location: |
| Witness (Print Name): | B&C Number: | Location: |
| Witness (Print Name): Tolliver | Shield/ID Number: 17554 | Post: 25 C |

I certify that I received a copy of this notice:   Signature of Inmate: X _____

Date: 2-9-12   Time: 1200

Served by (Print Name, Rank and Shield #): Kan-Jenne Capt 1288

Signature of Server:

NYC 2

EXHIBIT-C

THE CITY OF NEW YORK
DEPARTMENT OF CORRECTION
FACILITY: R.N.D.C.
11- 11 Hazen Street
East Elmhurst, New York 11370

## INMATE VOLUNTARY STATEMENT

Inmate's Name: Damion Wiggan    Date: 2-7-12

Book & Case #: 375 120 mC3

Date of Birth: 1-27-87    Age: 25    Housing Area: Super 1/ South

I hereby acknowledge that the following written statement issued was made VOLUNTARILY of my own free will without promise of reward, or under any threat of physical harm or fear of such

I Damion Wiggan was maced in the face by C.O. Talibn who is asign to the two upper Housing area on the 7-3pm tour. O/t the Simple fact that I said to the officer that I do not liked to be looked at while I'm inside my cell sleeping conson being is _____. I only had a boxers on I and _____ infront of the cell saying something like I don't _____ just what it was what he was saying and _____ with. I told him to get the fuck away _____ my cell and leave then and when he get upset I _____ and started to argu with me and had _____ I know _____ he should to spray mace with and call _____ at me, and ore the cell door was open. I _____ was out of the cell and that when he maced me in the face and the eyes

INMATES SIGNATURE D Wiggan    DATE 2-7-12

WITNESSED BY: _____
Print Name                    Signature              Rank       Shield

NYC 4

EXHIBIT-D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECOND REQUEST
PLAINTIFF'S REQUEST FOR
PRODUCTION OF DOCUMENTS

DAMION WIGGAN

Plaintiff,

12 CV 1405 (GBD)(HBP)

-against-

N.Y.C. DEPARTMENT OF CORRECTION; C.O. TOLLIVER,
SHIELD # 17554; C.O. JEAN PEARE, SHIELD # 1188;
MEDICAL STAFF,

Defendant.

Plaintiff, Damion Wiggan, hereby requests that defendants N.Y.C. Department of Correction, C.O. Tolliver, Shield # 17554, C.O. Jean Peare, Shield # 1188, and Medical Staff, produce and permit plaintiff to inspect and photocopy the following documents accordance with Rule 34 of the Federal Rule of Civil Procedure.

1. All instructions promulgated by the N.Y.C. Department of Correction, the Local Government or its and subordinates in connection with the operation enforcement and application of "MACE", sometimes referred to as "OC", or which may be known by any other name, as to its use by Correctional officer against inmates.

2. Regulations and rules, bulletins, memoranda, directives, policy statements and their administrative guidelines which pertains to the use and application of "MACE" by members of the N.Y.C. Department of Correction.

3. Request documentation, complaints, civil actions, administrative actions, disciplinary actions, as well as any other type of actions ever taken against the above named defendants, pertaining to any actions, including but not limited to, their use of "MACE" against any other inmates who were housed under their Custody, Care and Control within their functions within the New York City Department of Correction.

4. Any and all documentation showing whether or not any of the above named defendants had ever obtained any required training in the use of "MACE" and its application towards inmates under their Custody, Care and Control within the New York City Department of Correction.

5. All of the above requested information and documents are deemed necessary in order for Plaintiff to adequately pursue his Civil Actions against the defendants as well as to contest any future Summary Judgment action file by the defendants.

It is requested that this production be made on 2, 27, 2013, by delivery to plaintiff at Coxsackie Correctional Facility, P.O. Box 999, Coxsackie, New York 12051. It is requested that defendants provide plaintiff with a list or inventory of documents when they are produced, and that plaintiff be allowed reasonable time to evaluate said documents.

Dated: 1, 16, 2013

16TH DAY oF JAN, 2013

NOTARY PUBLIC    MUSCHETT, CECIL G
    Public - State of New York
    Qualified in Schenectady County
    Commission Expires Sept. 14

Respectfully Submitted,

Damion  Wiggan / Plaintiff

