UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ x

DAMIAN WIGGAN,

                    Plaintiff,

        -against-

NYC DEPARTMENT OF CORRECTION,

et al.,

                    Defendants.

------------------------------------ x

MEMORANDUM DECISION
AND ORDER

12 Civ. 1405 (GBD) (HBP)

GEORGE B. DANIELS, United States District Judge:

*Pro se* Plaintiff Damian Wiggan brings this civil rights action, pursuant to 42 U.S.C. § 1983, against Defendants the City of New York, Correction Officer Tolliver, and Captain Jean-Pierre. Plaintiff's Complaint seeks damages in the amount of $80,000 for injuries sustained from being "ma[c]ed in the face" with pepper spray and for allegedly improper medical treatment he received following these injuries. (Compl. ¶¶ II, III, & V, ECF No. 2.) Defendants moved for summary judgment on all of Plaintiff's claims pursuant to Federal Rule of Civil Procedure 56. (ECF No. 33.) Before this Court is Magistrate Judge Henry Pitman's August 21, 2014 Report and Recommendation ("Report"), in which he recommended that this Court grant Defendants' motion except as to the excessive force claim against Defendant Tolliver. (ECF No. 46.) Magistrate Judge Pitman's Report is adopted in its entirety.

<u>Relevant Facts</u>

On February 7, 2012, Plaintiff was confined in a locked cell when he was approached by Tolliver. (Report at 2, 4.) Following a verbal altercation between Plaintiff and Tolliver, Tolliver

sprayed Plaintiff with pepper spray. (Report at 3, 4.[1]) Plaintiff's cell was then opened, and Plaintiff ran towards Tolliver. (Report at 3.) The pepper spray affected Plaintiff's face and eye area. (Report at 3, 4.) Plaintiff was subsequently taken for treatment at a clinic, where medical staff concluded that Plaintiff was fine. (*Id.* at 3; Rule 56.1 Statement ¶¶ 9-10, ECF No. 35.)

## Standard of Review

This Court may accept, reject, or modify, in whole or in part, the findings set forth in the Report. 28 U.S.C. § 636(b)(1)(C). When there are objections to the Report, the Court must make a *de novo* determination of those portions of the Report to which objections are made. *Id.*; *see also Rivera v. Barnhart*, 423 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). The Court need not conduct a *de novo* hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusion" regarding those portions of the Report to which objections were made. *Nelson v. Smith*, 618 F. Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting *Hernandez v. Estelle*, 711 F.2d 619, 620 (5th Cir. 1983)). When no party files objections to a Report, the Court may adopt the Report if "there is no clear error on the face of the record." *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted).

Magistrate Judge Pitman advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (Report at 37; *see also* 28 U.S.C.

---

[1] According to Plaintiff, he was sprayed "through the cell" for approximately thirty seconds at a distance of one foot. (Report at 3.) Defendants' account of the events notes that pepper spray "was utilized from approximately three feet to the facial area." (*Id.* at 4.)

§ 636(b)(1); Fed. R. Civ. P. 72(b).) No party objected to the Report. As there is no clear error on the face of the record, this Court adopts the Report in its entirety.

### Excessive Force Claim and Qualified Immunity Defense

Magistrate Judge Pitman recommended that this Court deny summary judgment on the excessive force claim because questions of fact remained concerning the circumstances under which Tolliver used the pepper spray. (Report at 27-30.) The parties contest the instances during which Plaintiff was hit by the pepper spray[2] and the intent behind its use.[3] Summary judgment should be granted only if the moving party demonstrates that there is no genuine dispute as to any material fact such that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In light of the parties' factual disputes in this case, summary judgment is inappropriate on the excessive force claim. *See Tracy v. Freshwater*, 623 F.3d 90, 98 (2d Cir. 2010) (issues of fact surrounding use of pepper spray precluded grant of summary judgment on excessive force claim).

The Report also properly found that Defendants are not entitled to summary judgment on their qualified immunity defense. (*See* Report at 31-33.) Qualified immunity protects state and federal officers from suit "unless [1] the official violated a statutory or constitutional right that

---

[2] *Compare* Compl. ¶ 11, ECF No. 2 ("I was ma[c]ed in the face by Correction Officer Tolliver while I was locked inside of my assigned cell"), *and* Pl.'s Opp'n Mem., ECF No. 43 at 2 ("Plaintiff was inside his cell when Mace spray hit him in the face and eyes."), *with* Rule 56.1 Statement ¶ 7, ECF No. 35 ("Plaintiff was not inside his cell when pepper spray hit him in the face and eyes."), *and* Def.'s Reply Mem., ECF No. 45 at 3 ("The second use of pepper spray was the only one that actually hit plaintiff in the face and eye . . . [which] occurred when plaintiff was outside of his cell and actually running in the direction of C.O. Tolliver.").

[3] *Compare* Pl.'s Opp'n Mem., ECF No. 43 at 2 ("Tolliver [m]ace[d] plaintiff in the face in quantities greater than necessary for any authorized use of inmates under any occasion, for the sole infliction of pain and unauth[o]rized punishment."), *with* Def.'s Reply Mem., ECF No. 45 at 3 ("It was not unreasonable for C.O. Tolliver to believe that he was in danger of harm from plaintiff, when plaintiff ran at C.O. Tolliver after cursing at him and refusing his direct orders.").

[2] was clearly established at the time of the challenged conduct." *Terebesi v. Torreso*, No. 12-3867, 2014 WL 4099309, at *8 (2d Cir. Aug. 21, 2014) (quoting *Reichle v. Howards*, 132 S. Ct. 2088, 2093 (2012)). Establishing whether a violation occurred takes into account a reasonable officer's understanding of his actions under preexisting law. *See id.* If any reasonable trier of fact "could find that the defendants' actions were objectively unreasonable," then summary judgment should be denied. *Lennon v. Miller*, 66 F.3d 416, 420 (2d Cir. 1995). Here, a jury could find, in accordance with Plaintiff's version of the events, that it was unreasonable for Tolliver to have used pepper spray on Plaintiff while Plaintiff was locked inside of his cell and neither physically resisting Tolliver nor posing an immediate threat.[4] As a result, summary judgment should not be granted on this defense.

## Deliberate Indifference Claim

Magistrate Judge Pitman correctly found that Plaintiff failed to make the requisite showing to sustain a claim of deliberate indifference. (*See* Report at 30-31.) Plaintiff must meet a two-part test which objectively examines whether the alleged deprivation of medical care was sufficiently serious and subjectively assesses whether the defendant acted with a culpable state of mind (i.e., that the defendant "act[ed] or fail[ed] to act while actually aware of a substantial risk that serious inmate harm w[ould] result."). *See Castillo v. Rodas*, No. 09-cv-9919 (AJN), 2014 WL 1257274, at *5, *6 (S.D.N.Y. Mar. 25, 2014) (citation omitted). As Judge Pitman observed, Plaintiff's claim rests on an unsupported allegation that the type of treatment he received was inadequate, not that Tolliver recklessly denied Plaintiff appropriate medical care. (*See* Report at

---

[4] *See Tracy*, 623 F.3d at 99 n.5 (noting it is "well established . . . that the use of entirely gratuitous force is unreasonable and therefore excessive").

31.) Judge Pitman's determination that summary judgment should be granted on the deliberate indifference claim was therefore not in error.

### Abandoned Claims

Finally, Magistrate Judge Pitman recommended that summary judgment should be granted on Plaintiff's (1) claim against Defendant Jean-Pierre, (2) *Monell* claim against the City of New York, and (3) remaining state law claims (if any) because Plaintiff did not respond to these arguments in his opposition papers. (*See* Report at 33-34.) "Federal courts may deem a claim abandoned when a party moves for summary judgment on one ground and the party opposing summary judgment fails to address the argument in any way. On this basis alone, the court could grant summary judgment . . . ." *Taylor v. City of New York*, 269 F. Supp. 2d 68, 75 (E.D.N.Y. 2003) (internal citation omitted). Given Plaintiff's failure to address these arguments, the Court grants the Defendants summary judgment on these abandoned claims.

### Conclusion

Magistrate Judge Pitman's recommendation to grant summary judgment in part is adopted. Defendants' motion for summary judgment is DENIED with respect to the excessive force claim and qualified immunity defense, and is GRANTED in all other respects.

Dated: New York, New York
September 7, 2014
SEP 15 2014

SO ORDERED.

*[signature]*

GEORGE B. DANIELS
United States District Judge